184 So. 167

### SUDDUTH v. WHITNEY et al.

### 6 Div. 258.

Supreme Court of Alabama.

Oct. 13, 1938.

Rehearing Denied Nov. 10, 1938.

Street & Orr, of Guntersville, for respondent.

Norman Gunn, of Jasper, for appellant.

J. J. Curtis and Herman Maddox, both of Jasper, for appellees.

BOULDIN, Justice.

The appeal is from a final decree, upon pleadings and proof, foreclosing a mortgage upon real estate.

Appellant, Render Sudduth, defended upon the ground that the mortgage was given upon her property to secure the debt of her husband, Henry Sudduth; and was, therefore, void under Code, § 8272.

The mortgage given to appellee, O. H. Whitney, of date June 18, 1931, was to secure a note for $3,500, given for money presently advanced to take over or refinance an accumulated indebtedness held by Citizens State Bank, of which the mortgagee was a director and inactive, vice-president.

The trial court eliminated, as indebtedness of the husband, all the items entering into this bank indebtedness, except $2,260.-36, represented in the beginning by note and mortgage given July 7, 1928, to Carbon Hill State Bank, which was later merged with the Citizens State Bank.

Confining our inquiry to this item of $2,260.36, the record discloses, without substantial conflict, the following:

Prior to January, 1928, one parcel of the mortgaged property, known as the "residence," was owned by Henry Sudduth, appellant's husband.

Mr. and Mrs. Sudduth decided to remove to Oklahoma; and on January 28, 1928, sold and conveyed this residence property to W. A. Jordan for $3,000, payable $500 cash, $500 in monthly instalments of $50 each, and $2,000 due one year, with interest, evidenced by purchase-money notes, payable to Henry Sudduth, and secured by mortgage.

At that time Henry Sudduth was indebted to Carbon Hill State Bank in the sum of $1,433.70, for which he executed his note of date February 2, 1928. On leaving for Oklahoma he left all or some

of these Jordan notes with the bank, either for collection or as collateral security for this debt. The Sudduths becoming dissatisfied in Oklahoma, and wishing to return to Carbon Hill, Mrs. Sudduth negotiated with Mr. Jordan for the repurchase of this residence property, returned to Alabama about the last of June, 1928, and closed a deal for the purchase of the property by Mrs. Sudduth, who received a deed therefor. The terms of this transaction were the return of the purchase money paid by Jordan up to that time, namely, $500 cash payment and $200 paid on the monthly instalments, also the reimbursement of Mr. Jordan for outlays by him in betterments upon the property, the sum of $125, and also the surrender to Jordan of the purchase-money notes and mortgage given to Henry Sudduth, still outstanding, aggregating $2,300 and accrued interest.

In connection with this transaction Render Sudduth and her husband, Henry Sudduth, executed a note and mortgage on this property to Carbon Hill State Bank for $2,264.56, of date July 7, 1928. The consideration for this mortgage was a present loan of $1,000 and $1,260.36, the balance due on Henry Sudduth's note for $1,433.70 above noted, after crediting amounts paid in to the bank by Jordan on his monthly instalment notes. A small item of $4.20 included in the mortgage for $2,264.56 was disallowed by the trial court.

Two issues of fact are presented in the record. Appellee claims, supported by evidence of the cashier of the bank, through whom the transactions were had, that the cash loan of $1,000 was made to Mrs. Sudduth to enable her to refund the $825 due Jordan on the purchase of the property from him. Appellant claims, supported by the evidence of herself and husband, that she paid Jordan from her own cash on hand, and this $1,000 was for the benefit of the husband to enable him to re-engage in business. So far as material, we are of opinion appellant has not met the burden of proof on this issue.

The other issue, chiefly stressed in argument, is the relation of the bank to the Jordan notes and mortgage which were surrendered to him. Appellee, supported by the same witness, insists that when Henry Sudduth left for Oklahoma he put up these instruments as collateral security for his note above mentioned, and to obtain the release of this collateral the mortgage for $2,264.56, including the debt secured by the collateral, was executed. Appellant, supported by her husband, insists these securities were never assigned nor deposited with the bank as collateral, but that only the $50 notes were left there for collection.

In view of the fact that Henry Sudduth was selling out and removing to another state, and his note at the bank was not otherwise secured, the version of the bank officer seems the more probable. But we do not find it necessary to definitely decide this issue.

 Without dispute these Jordan papers were the property of Henry Sudduth, represented assets subject to the payment of his debt to the bank, evidenced by his waiver note. To make a voluntary gift of these assets to his wife to be surrendered to Jordan would have been fraudulent as against the bank. When, therefore, both husband and wife collaborated in securing the husband's debt to the bank, thus freeing his assets to effectuate a surrender of the documents to Jordan, appropriating the husband's assets to the payment of the purchase money on lands conveyed to the wife, the mortgage securing the husband's debt, for less in amount than the assets so surrendered, was not without consideration moving to the wife, and not a mortgage of the wife's property to secure the husband's debt inhibited by the statute.

The cash loan of $1,000 and the husband's debt $1,260.36, secured by the mortgage of July 7, 1928, were not in the aggregate equal to the purchase-money notes given by Jordan, then outstanding, and surrendered to him in part payment of the purchase money due him on conveyance of the property to Mrs. Sudduth.

We find no error in the decree holding this sum of $2,260.36, finally entering into the mortgage given Dr. Whitney, was the indebtedness of Mrs. Sudduth.

As to this sum with interest, his mortgage was, therefore, a valid security. The inclusion in this Whitney mortgage of another lot, known as the "filling station" lot, the separate property of Mrs. Sudduth, was, for like reasons, effective and binding. The wife may mortgage her property to secure her own debt.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.